IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | JUDGE |
| DOLLAR GENERAL CORPORATION | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Samantha Day-Baker and Darla Householder, formerly Store Manager and Assistant Store Manager, who were terminated by Dollar General Corporation in retaliation for participating in activities protected under Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and

(3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dollar General Corporation, ("Defendant" or "Dollar General") has continuously been a Tennessee corporation doing business in the State of Ohio and City of Marion, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Samantha Day-Baker filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February, 2010, Defendant has engaged in unlawful retaliation in violation of Section 704(a) of Title VII. The events culminating in the unlawful practices are described below:

a) Samantha Day-Baker ("Day Baker"), while an Assistant Store Manager at Defendant's Marion, Ohio facility, initially engaged in protected activity when she filed an EEOC charge of discrimination in July, 2008, alleging that Defendant had engaged in sex/pregnancy discrimination.

b) In the course of EEOC's investigation of Day-Baker's charge, Darla Householder ("Householder"), also an Assistant Store Manager at Defendant's Marion, Ohio store, also engaged in protected activity by testifying before the EEOC in support of Day-Baker's allegations.

c) Shortly after EEOC completed processing of Day-Baker's charge, Defendant began to scrutinize certain payroll functions being performed by both Day-Baker and by Householder.

d) Aware of this scrutiny, both Day-Baker and Householder contacted Defendant's Employee Response Center to express their concern that they were being scrutinized in retaliation for their involvement with the earlier EEOC charge. Defendant's Employee Response Center refused to accept their complaints for processing.

e) Receiving no assistance, both Day-Baker and Householder sent emails to Defendant complaining of this retaliation. Defendant did not respond.

f) Defendant terminated Samantha Day-Baker and Darla Householder on February 15, 2010, claiming alleged violations of the payroll edit policy. Indeed, such violations, if genuine, were committed by numerous employees of Defendant, none who were terminated therefor. Defendant's termination of

    Day-Baker and Householder were in retaliation for their earlier protected activity.

8. The effect of the practices complained of in paragraph 7 above has been to adversely affect Samantha Day-Baker's and Darla Householder's status as employees due to their Title VII protected activity.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Samantha Day-Baker and Darla Householder.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate in retaliation for having engaged in activities protected by Title VII.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for persons who have availed themselves of Title VII protected activities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Samantha Day-Baker and Darla Householder by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices.

    D. Order Defendant to make whole Samantha Day-Baker and Darla Householder, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out of pocket losses.

    E. Order Defendant to make whole Samantha Day-Baker and Darla Householder by providing compensation for non-pecuniary losses resulting from the unlawful practices described in paragraph 7, above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be proven at trial.

    F.  Order Defendant to pay Samantha Day-Baker and Darla Householder punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.  Grant such further relief as the Court deems necessary and proper in the public interest.

    H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectively submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS

Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office


/s/ Lawrence Mays
Lawrence Mays (0038288)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Cleveland Field Office
AJC Federal Building
1240 East Ninth Street - Suite 3001
Cleveland, Ohio 44199
(216) 522-4796

Lawrence.Mays@eeoc.gov