IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:12-cv-00338-MHW-MRA |
| SAMANTHA DAY-BAKER, | ) ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| DOLGENCORP, LLC, | ) ) | |
| Defendant. | | |

_____

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Plaintiff Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor Samantha Day-Baker ("Plaintiff-Intervenor" or "Day-Baker"), and Defendant Dolgencorp, LLC ("Defendant" or "Dollar General"), through their respective counsel, hereby agree to the entry of this Order for the protection of certain confidential information which may be produced or otherwise disclosed during the course of this action.

**IT IS HEREBY ORDERED THAT:**

For the purposes of this Order, the following definitions shall govern:

1. "CONFIDENTIAL INFORMATION" shall include the following categories of information, if produced by a party and/or a party's agent in discovery:

    (a) Names, social security numbers, financial account numbers, credit card numbers, mothers' maiden names, passwords, driver's license numbers or state

    identification numbers, dates of birth;

        (b)    Home addresses, e-mail addresses, and telephone numbers;

        (c)    Names of minor children;

        (d)    Confidential personal information relating to Plaintiff-Intervenor, Darla Householder, and/or Dollar General's current or former employees, including, but not limited to insurance records, medical records of any kind, tax records, and payroll records;

        (e)    Personnel or employment records of a person who is not party to the case;

        (f)    Information that may be considered a trade secret under the Uniform Trade Secrets Act;

        (g)    Proprietary or confidential business information about software or computer programs used by the parties and/or their agents; and

        (h)    Any other confidential information that is legally protected under standards developed under Fed. R. Civ. P. 26(c) and not publicly available.

Notwithstanding the designation of any material as "Confidential" under this Section, by so designating such material, the Designating Party in no way concedes that such material is relevant to this action.

2.    "COUNSEL" shall mean all attorneys of record in the above-captioned case and their agents; and

3.    "SUPPORT PERSONNEL" shall mean any clerical and/or support staff employed by COUNSEL, specifically including (i) secretarial support staff, (ii) paralegal employees, (iii) any independent stenographer retained to record and transcribe testimony in this action; (iv) any

independent videographer retained to record testimony in this action; and (v) any in-house or independent entity retained or used for the sole purpose of making photocopies of CONFIDENTIAL INFORMATION.

4.     Any information disclosed pursuant to this Protective Order shall be used solely for the purposes of this lawsuit and may not be used, or disclosed, for any other purpose including, but not limited to, other litigation involving the issues raised in the instant lawsuit.

5.     In responding to written discovery, the parties shall designate the portion of their response which contains CONFIDENTIAL INFORMATION pursuant to this Order, by marking the material in a manner that will not interfere with its legibility as follows:  "CONFIDENTIAL – subject to the Protective Order."

6.     The receiving party's COUNSEL shall be permitted to disclose such CONFIDENTIAL INFORMATION to their client(s) and any consulting and/or testifying experts only to the extent necessary to prepare this matter for trial and then only after such individuals have read this Stipulated Protective Order and have specifically agreed in writing not to discuss, disclose, or otherwise use any CONFIDENTIAL INFORMATION of the disclosing party in violation of the terms and spirit of this Protective Order.  The requirement of a written agreement shall be satisfied by having the individual sign a copy of the sample Confidentiality Letter attached hereto.  The original signed copy of the Confidentiality Letter shall be kept by COUNSEL for the receiving party.

7.     The receiving party's COUNSEL shall be permitted to disclose CONFIDENTIAL INFORMATION to SUPPORT PERSONNEL without the need for a written agreement provided each individual is instructed to maintain such information in strict confidence and then only to the extent necessary to prepare this matter for trial.

8. The receiving party, COUNSEL, all SUPPORT PERSONNEL thereof, and any experts employed by the receiving party or COUNSEL are strictly prohibited from disclosing CONFIDENTIAL INFORMATION to any individual not contemplated by the terms of this Protective Order absent a court order, subpoena, or the written consent of the originating party. If a party receives a subpoena or legally enforceable order requiring disclosure of any CONFIDENTIAL INFORMATION, the receiving party shall object to the disclosure of such information, citing this Protective Order, and shall within two business days of receipt of the subpoena or order, and in no event later than five business days before the receiving party is required to respond to the subpoena or comply with the order, provide notice thereof to the originating party and its counsel.

9. Nothing contained herein shall preclude a party from requesting or seeking an order permitting the disclosure of CONFIDENTIAL INFORMATION to non-party witnesses.  The parties agree to confer in good faith to resolve any concerns regarding the disclosure of CONFIDENTIAL INFORMATION to non-party witnesses.

10. CONFIDENTIAL INFORMATION disclosed during a deposition shall be so designated on the record and, unless otherwise agreed by COUNSEL, the Court Reporter shall be instructed to separately transcribe such testimony under separate cover with each page thereof clearly marked as "CONFIDENTIAL." The parties agree that they will use good faith efforts to raise issues of confidentiality on the record at the deposition.  However, failure to raise confidentiality on the record does not constitute a waiver of the right to designate testimony as confidential. The party seeking to designate deposition testimony as confidential shall do so by written designation within fifteen (15) business days of receipt of a deposition transcript. Unless the parties intend to designate all of the information contained within a deposition transcript as

confidential material, counsel for that party should indicate in a clear fashion (*i.e.*, by page-and-line) the portion of the testimony which is intended to be designated as confidential. The non-designating party shall then have 15 (business) days to object to said designation. If the parties are unable to reach agreement, the designating party shall, by written motion, bring the matter to the Court's attention for resolution.

11. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of CONFIDENTIAL INFORMATION (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action, the filing of documents and pleadings, or as part of the record on appeal, provided that either party may seek an appropriate Court Order sealing CONFIDENTIAL INFORMATION.

12. If the receiving party intends to file any document designated "CONFIDENTIAL INFORMATION" the receiving party shall file the document under a provisional seal. Any party filing a document provisionally under seal must contemporaneously file a motion to maintain the document under seal, unless the filing party cites, in the required cover sheet, a statute, rule, or pre-existing court order that authorizes the document to be filed under seal. S.D. Ohio L.R. 79.3. If the filing party is also the party that designated the document as confidential during discovery, then it shall support its motion to maintain seal with a separate brief containing a developed legal and factual showing that the document qualifies for sealing according to the independent standards for sealing court filings that have been established by statute, rule, and caselaw.

If the filing party is not the designating party, then the brief in support of the motion shall be filed by the designating party. The filing party's motion to maintain the seal must cite the specific terms of the operative protective order that (1) require the filing party to provisionally

file the document under seal and (2) provide that the brief supporting the motion will be filed by the designating party. Within seven days of the filing of the motion to maintain the seal, the designating party must file a supporting brief containing a developed legal and factual showing that the document qualifies for sealing according to the independent standards established by statute, rule, and/or caselaw for sealing documents in court. If the designating party does not have a legal and factual basis for maintaining the document under seal, then, within seven days of the filing of the motion to maintain the provisional seal, the designating party shall file a motion to unseal the document, explaining that, as the designating party, it does not have a basis for sealing the document. If the designating party's brief asks that only specifically identified content of the document be sealed, then the brief shall attach a redacted version of the document for the public file.

13. The attorneys of record, where practicable, shall redact Confidential Information contained within documents produced under this protective order and file such redacted copies for the public record.

14. Nothing in this Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to the confidentiality of material or the removal of a Confidential designation. Should counsel or an interested member of the public disagree with any designation of a document as CONFIDENTIAL, he or she first shall attempt to resolve the dispute with the EEOC, Plaintiff-Intervenor, and Dollar General's counsel and, if unsuccessful, apply to the Court for a determination as to whether the document or information should remain designated as CONFIDENTIAL INFORMATION.

15. Procedures for utilizing and disclosing CONFIDENTIAL INFORMATION during trial shall be discussed and agreed upon by the parties prior to the submission of the Final Pre-trial Order and, if necessary, incorporated therein.

16. If any of the parties hereto believe that this Protective Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Consent Protective Order. The parties may amend paragraph 1 of this Protective Order, by agreement, if necessary, to designate additional documents as "CONFIDENTIAL INFORMATION."

17. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Protective Order shall not constitute a concession that the information, document or thing is confidential material.

18. Upon termination of this litigation, whether by final judgment and appeal, or by settlement, all materials and documents designated as CONFIDENTIAL INFORMATION, as well as all copies, summaries, and abstracts thereof, shall be returned to the originating source or destroyed. However, this provision does not apply to designated documents that have been filed in Court.

IT IS SO ORDERED this 18th day of March, 2013.

Entered:

s/Mark R. Abel
United States Magistrate Judge

APPROVED:


PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION


*By:  /s/ Lawrence Mays*
LAWRENCE MAYS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1240 East Ninth Street, Suite 3001
Cleveland, OH  44199


PLAINTIFF-INTERVENOR SAMANTHA DAY-BAKER


*By:  /s/ Christopher Trolinger*
CHRISTOPHER TROLINGER
FARLOW & ASSOCIATES, LLC
270 Bradenton Avenue, Suite 100
Dublin, OH  43017


DEFENDANT DOLGENCORP, LLC


*By:  /s/ Katherine E. Kenny*
Katherine E. Kenny
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601

Joel S. Allen
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Suite 3200
Dallas, TX 75201

Re:  *EEOC v. Dolgencorp, LLC*, Civil Action No. 2:12-cv-00338-MHW-MRA.

My name is _____. I live at _____.

The undersigned hereby acknowledges that he/she has read, is fully familiar with, and understands the terms of the Agreed Protective Order entered in the above-entitled action on or about _____, 2013, that he/she is going to be a proper recipient of the confidential information as contemplated by the Protective Order, that he/she will not disclose the confidential information to any person to whom disclosure is not authorized by the terms of the Protective Order, that he/she will not use the confidential information in any manner whatsoever other than for purposes of the above-entitled action, and that he/she agrees to be bound by the terms of the Protective Order.  The undersigned further agrees that the Court in the above-entitled action has personal jurisdiction over him/her for the purposes of any proceeding or hearing related to such Confidential Information and/or the Protective Order, including but not limited to any proceeding that relates to the enforcement of the Protective Order.

The understand acknowledges and understands that any use of such confidential documents, information, materials, or testimony (or any portions or summaries thereof) in any manner contrary to the provisions of the Protective Order may be subject to a sanction from this Court for violating the Order.

SWORN TO AND SUBSCRIBED BEFORE ME this \_\_\_\_\_ day of _____, 20\_\_.

NOTARY PUBLIC, STATE OF _____

_____
Notary's Printed Name
My Commission Expires:
_____